IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ALAN DRESS,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **FALLS TOWNSHIP et al.,** | : | No. 16-4918 |
| *Defendants*. | : | |

PRATTER, J.                                                                                          FEBRUARY 3, 2017

## MEMORANDUM

Timothy Alan Dress sued Falls Township, Sergeant Bryan White, Detective Gregory Small, and Officer Brian Fisher pursuant to 42 U.S.C. § 1983 for malicious prosecution arising out of Mr. Dress's arrest, prosecution, and eventual acquittal for rape and other sexual assault charges. Because Mr. Dress's allegations fail to state a plausible claim for relief, the Court will grant the Defendants' Motion to Dismiss.

**I.   ALLEGATIONS IN THE COMPLAINT**

Mr. Dress was arrested, tried, and eventually acquitted of rape and other sexual assault charges stemming from a sexual encounter in March 2014 with K.S. at a house party.[1] After drinking with friends at a bar, Mr. Dress went to a friend's house to attend an after party. Following the evening of drinking, Mr. Dress went into a bedroom to go to sleep. K.S., who had also been drinking at the party, entered the bedroom and lay down on the bed next to Mr. Dress. Mr. Dress and K.S. then engaged in what Mr. Dress claims was consensual sexual intercourse. K.S. later told her sister that she had been raped by "Tim." K.S.'s sister placed a call to the police, and K.S. provided the police with a short description of the alleged sexual assault. K.S.

---

[1]   The name of the individual who alleged that Mr. Dress sexually assaulted her is not pertinent to this decision. The Court will refer to that individual by her initials, K.S.

1

also went to a hospital to have an exam. K.S. eventually provided the police with a more detailed description of the alleged sexual assault, including statements that (i) Mr. Dress got on top of her and removed her clothing; (ii) she tore her fingernail on a headboard when trying to escape from underneath Mr. Dress; (iii) Mr. Dress pinned her down, covered her mouth, and pushed her head into a pillow; and (iv) Mr. Dress re-arranged the pillows to stop the headboard from making noise.

Officer Fisher, who had spoken with K.S. about the alleged events, went to the scene to conduct an investigation. Officer Fisher secured the scene for a search warrant at Sergeant White's direction. Sergeant White then instructed Detective Small to go to the scene of the alleged assault to serve as the lead investigator. Detective Small signed an Affidavit of Probable Cause, which included the details K.S. had provided to the police, including the statement that K.S. had torn her fingernail on the headboard. The Defendants obtained a warrant permitting them to search the subject bedroom. Officer Fisher prepared a report after police officers conducted a search of the bedroom, noting that (i) the bed did not have a headboard, (ii) the wall around the mattress area did not contain any fresh scratches or damage, and (iii) no fingernail was recovered. Despite the fact that the physical evidence did not align with K.S.'s description of the alleged assault, the Defendants arrested Mr. Dress.

Mr. Dress was prosecuted for a number of offenses related to the alleged sexual assault. After a multi-day jury trial in Bucks County, Mr. Dress was found not guilty of all charges.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes testing the legal sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

To decide a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court may also consider documents that are "integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

### III. DISCUSSION

#### A. Claim Against the Individual Defendants

In order to succeed on a Fourth Amendment malicious prosecution claim pursuant to § 1983, a plaintiff must demonstrate that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted). Mr. Dress has not pleaded a plausible Fourth Amendment malicious prosecution claim against the individual defendants because his Complaint, even read in the light most favorable to Mr. Dress and with all reasonable inferences drawn in his favor, fails to establish that the individual defendants initiated a criminal proceeding against him.

Prosecutors, not police, are generally responsible for initiating criminal proceedings. *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005); *see also Merrero v. Micewski*, No. 96-8534, 1998 WL 414724, at *6 (E.D. Pa. July 22, 1998) ("Although a prosecutor may initiate criminal proceedings based on information received from a police officer, the prosecutor does so only after independently reviewing the information and exercising his or her discretion to initiate such proceedings."). To hold a police officer responsible for initiating a criminal proceeding, a plaintiff needs to demonstrate that the officer "knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Brockington*, 354 F. Supp. 2d at 569 (quoting *Gatter v. Zappile*, 67 F. Supp. 2d 515, 521 (E.D. Pa. 1999), *aff'd*, 225 F.3d 648 (3d Cir. 2000)); *see also Gallo v. City of Phila.*, 161 F.3d 217, 220 n.2 (3d Cir. 1998) ("Decisions have recognized that a § 1983 malicious

4

prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities." (citation omitted)).  Mr. Dress's Complaint contains no allegations that permit the reasonable inference that any of the individual police defendants provided false information to the prosecutors who initiated the criminal proceeding against Mr. Dress or that the individual police defendants interfered in any way with the prosecutors' independent decision to bring charges against Mr. Dress.  Accordingly, Mr. Dress has failed to state a claim against the officers for malicious prosecution.  *See Simmers v. Elo*, No. 14-6609, 2015 WL 3541329, at *3 (E.D. Pa. June 5, 2015) (dismissing malicious prosecution claim because plaintiff failed to allege that the defendant police officers initiated the criminal proceeding).[2]

### B.  Claim Against Falls Township

Mr. Dress's Complaint does not make out a plausible *Monell* claim[3] because he failed to allege a specific policy or custom responsible for his alleged injuries and failed to demonstrate an underlying constitutional violation.  A plaintiff cannot succeed on a § 1983 claim against a municipality merely on the basis of respondeat superior.  Rather, a plaintiff must show that the municipality itself was responsible for the alleged constitutional violation.  *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).  A plaintiff can demonstrate municipal responsibility by establishing that "the alleged constitutional transgression implements or executes a policy,

---

[2]   Defendants also argue that Mr. Dress's Complaint is deficient for the independent reason that it fails to allege that the Defendants lacked probable cause.  The Court need not address the question of probable cause, however, because of the determination that Mr. Dress's Complaint fails to establish the first element necessary to make out a malicious prosecution claim—that the defendants initiated the criminal proceeding.  *Cf. Kossler v. Crisanti*, 564 F.3d 181, 194 (3d Cir. 2009) (explaining that a district court "need not reach the probable cause element" if it has already determined that the plaintiff did not satisfy the favorable termination element).

[3]   A "*Monell* claim" is premised upon an action or omission by a municipality, or a municipal policymaker, that is the "moving force" behind an alleged constitutional violation. *Monell v. City of New York Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978).

regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). In order to state a plausible *Monell* claim, a plaintiff must "specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

Mr. Dress's *Monell* claim appears to rest on his allegations that the Township "was at all material times charged with the responsibility of testing, hiring, training, and supervising" the individual defendants and that the individual defendants acted "pursuant to the [Township's] customs, policies, and practices." Compl. ¶¶ 7, 55 (Doc. No. 1). Nowhere, however, does the Complaint identify any specific Township custom, policy, or practice that led to the alleged constitutional violation. Here, Mr. Dress alleges nothing more than some generalized conclusory magic language culled from either case law or legislation, but it certainly does not relate to any act or omission from Township practices.

Even if Mr. Dress had alleged a specific Township custom, policy, or practice, however, his *Monell* claim would still fail because he has not demonstrated that he suffered a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Kneipp v. Tedder*, 95 F.3d 1199, 1212 n.26 (3d Cir. 1996) ("Of course, had there not been an underlying constitutional violation in the first instance, plaintiff's 'failure to train' claim against the City would not stand." (citation omitted)).

6

**IV.	CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
